IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD PIKUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 6585 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| ) | |
| THOMAS J. DART and UNKNOWN ) | |
| JAIL GUARD, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court grants in part and denies in part Defendants' motion to dismiss Plaintiff's Complaint without prejudice [13] and grants Plaintiff leave to file an Amended Complaint in accordance with this order by no later than February 10, 2014. Status hearing set for March 25, 2014 is stricken and reset to February 13, 2014 at 8:30 a.m.

## STATEMENT

On September 13, 2013, Plaintiff Richard Pikul filed the present Complaint against Defendants Thomas J. Dart and an unknown jail guard at the Cook County Department of Corrections alleging a Fourteenth Amendment inadequate medical care claim based on his treatment while he was a pre-trial detainee. *See* 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiff's Complaint without prejudice and also grants Plaintiff leave to file an Amended Complaint in accordance with this order.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

## BACKGROUND

In his Complaint, Plaintiff alleges that on November 30, 2012, police arrested him for drug possession after which he was taken to the Cook County Jail. (R. 1, Compl. ¶ 2.) He then reported his pre-existing medical history of heart surgery, back surgery, and pins in his leg to the medical unit. (*Id.*) Thereafter, a jail doctor examined Plaintiff and issued a medical restriction that Plaintiff could only sleep on the bottom bunk. (*Id.*) Plaintiff reported this restriction to an unknown jail guard, who ignored this restriction and assigned Plaintiff to a top bunk. (*Id.*) Plaintiff further alleges that on November 30, 2012, while he was trying to get into the upper bunk, he fell to the ground landing on his back and that personnel had to transport him to the hospital. (*Id.* ¶ 3.)

## ANALYSIS

### I. Official Capacity Claim

Plaintiff maintains that he is suing Defendant Thomas Dart in his official capacity as Sheriff of Cook County, as well as in his individual capacity. To state a claim against Defendant Dart in his official capacity, Plaintiff must frame his claim under the well-established standard set forth in *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed. 611 (1978). *See Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008); *see also Belbachir v. County of McHenry,* 726 F.3d 975, 983 (7th Cir. 2013) (a municipality cannot "be liable merely by virtue of the doctrine of respondeat superior," but it "can violate section 1983 just as an individual can"). To establish liability against Defendant Dart in his official capacity, Plaintiff "must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). Plaintiff can demonstrate this requirement through: (1) an actual official policy; (2) a practice or custom that, although not officially authorized, is widespread and well-established; or (3) a deliberate act from a Sheriff's Office employee with final policy-making authority. *See Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012); *see also King v. Kramer,* 680 F.3d 1013, 1020 (7th Cir. 2012).

Accepting Plaintiff's allegations as true, his Complaint is completely devoid of any allegations regarding Defendant Dart's official capacity liability. Moreover, although Plaintiff correctly argues that an unconstitutional decision made by a municipal agent with final-policy making authority establishes official capacity liability, *see King,* 680 F.3d at 1020, he has not made any such allegations in his Complaint. As such, Plaintiff has failed to allege sufficient facts to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *Twombly,* 550 U.S. at 570. The Court therefore grants Defendants' motion to dismiss — without prejudice — and grants Plaintiff leave to re-allege his official capacity claim against Defendant Dart.

Meanwhile, Cook County is a necessary party to this lawsuit because Illinois law requires the county to pay judgments entered against the Sheriff's office in its official capacity. *See Carver v. Sheriff of LaSalle Cnty.,* 324 F.3d 947, 948 (7th Cir. 2003) ("a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity"). In his Amended Complaint, Plaintiff must add Cook County as an additional Defendant.

## II.     Individual Capacity Claims

Next, in their motion to dismiss, Defendants argue that Plaintiff has failed to state a claim against Defendants Dart and the unknown jail guard in their individual capacities because individual liability under Section 1983 requires personal involvement in the alleged constitutional violation. *See Vinning-El v. Evans,* 657 F.3d 591, 592 (7th Cir. 2011) ("Section 1983 creates liability only for a defendant's personal acts or decisions."). Also, in "order for a supervisor to be liable, they must be 'personally responsible for the deprivation of the constitutional right.'" *Matthews v. City of East St. Louis,* 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). In his Complaint, Plaintiff fails to allege that Defendant Dart did anything in relation to his Fourteenth Amendment due process inadequate medical care claim. Accordingly, the Court grants Defendants' motion to dismiss Defendant Dart in his individual capacity, without prejudice, and grants Plaintiff leave to re-allege his official capacity claim against Defendant Dart keeping in mind counsel's Rule 11 obligations.

On the other hand, Plaintiff alleges that the jail guard who assigned him to the lower bunk was deliberately indifferent to his health and safety. *See McGee v. Adams,* 721 F.3d 474, 480-81 (7th Cir. 2013). This allegation gives Defendants notice of Plaintiff's claim against the unknown jail guard and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555; *Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). The Court therefore denies Defendants' motion to dismiss Plaintiff's inadequate medical care claim against the unknown jail guard.

## III.     Punitive Damages

In his Complaint, Plaintiff seeks punitive damages against Defendants Dart and the unknown jail guard. Plaintiff cannot recover punitive damages from Defendant Dart in his official capacity, although he can recover punitive damages from Defendants in their individual capacities. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Minix v. Canarecci,* 597 F.3d 824, 830 (7th Cir. 2010). Therefore, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiff's punitive damages allegations.

## IV.     Injunctive Relief

Last, Defendants move to dismiss Plaintiff's claim for declaratory and injunctive relief because Plaintiff did not allege that he is still a pre-trial detainee in the Cook County Jail. *See*

*Schirmer v. Nagode,* 621 F.3d 581, 585 (7th Cir. 2010) ("A plaintiff 'must demonstrate standing separately for each form of relief sought.'") (citation omitted).  Indeed, a Section 1983 plaintiff who is no longer a pre-trial detainee does not have standing to sue for injunctive relief.  *See Alexander v. Doria,* No. 97-2028, 1999 WL 1062741, at *1 (7th Cir. Nov. 16, 1999); *Lieberman v. Budz,* No. 03 C 2009, 2007 WL 1810493, at *10 (N.D. Ill. Jun. 19, 2007); *Rahim v. Sheahan,* No. 99 C 0395, 2001 WL 1263493, at *5 (N.D. Ill. Oct. 19, 2001).  Therefore, the Court grants Defendants' motion to dismiss Plaintiff's claim for injunctive relief.  If Plaintiff is still a pre-trial detainee in the Cook County Jail, he must make this allegation in his Amended Complaint.

**Dated:** January 27, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**